COALTFR, J.
It was admitted in the argument, that the cases of Mills v. Duryee and Hampton v. M’Connel have correctly decided, that the constitution of the U. States, and the act of congress of 1790, have placed the judgments of the pourts of the other states of the union, when sued on in this state, on the same ground, and to have the same effect, as they would have if sued on in the domestic tribunals of the state where such judgments were obtained.
According to those decisions, a judgment of one state of the union is to be considered in the nature of a domestic judgment in every other state; the tribunals of which are to allow to it the same force and efficacy, which it has in the state where it is pronounced. Whether this broad proposition is subject to anj’ exception, as where the party against whom the judgment has been obtained, has had no notice of the suit, though the judgment may be binding where it is pronounced, is a question, which I wish not at present to decide, or to intimate any opinion concerning, inasmuch as it does not arise in this case.
As the judgments sued on in this case are to have the same effect here as they would have if sued on in Kentucky, it follows, that this court must ascertain what would be the effect of them there. But then the question arises, how this matter of law and usage of another state, is to be ascertained by the courts of this state? It is said, that the federal courts, as well supreme as inferiour, may adjudge the law in such a case, because, considering their relation *to the states, they may be supposed to have judicial knowledge of the laws and usages of all the states; but that in the state courts, notwithstanding the constitution of the CJ. States, and the act of congress of 1790 on this subject, the laws of the other states, in this respect, can only be ascertained as any other matter of fact, and in the way in which foreign laws and usages are usually ascertained. But if such a difference does exist between the two sets of tribunals, in deciding in cases of the lex loci (concerning which I give no opinion) it does not seem to me to have any important bearing on the question before us. It will be conceded, I pre *295 sume, that but for the provision in the constitution and the act of congress, before referred to, a judgment in the state of Kentucky, when sued on in a federal court of this state, would no more be in the nature of a domestic judgment in that court, than it would be if sued on in a state court: in both, it would be equally a suit of foreign judgment. No question concerning the lex loci arises in the case: it is merely a question of evidence: and although the weight in which it may be entitled, depends on what weight or effect it has in the state where the judgment was pronounced, according to the laws and usages of that state, I cannot see why a different mode of deciding on such a question should prevail in the state and federal courts. The constitution and law having made the states, as it were, domestic to each other, in this respect, as to both tribunals, it would seem to follow, that both tribunals should take cognizance of the case as though founded on a domestic judgment. Indeed, I cannot see under what form of pleading, known to the common law, this matter of law, that is, the efficacy of this judgment as matter of evidence, can be tried as a matter of fact by a jury. The plea of nil debet will not try it. That assumes the matter in dispute, that the judgment is not conclusive; and if issue were taken on that plea, the plaintiff would waive the conclusive effect of his judgment; this he can only assert by a demurrer to the plea, which is an issue of law, and must be tried by that court. If *the plea of nul tiel record would try it (of which I am not satisfied) still that tenders no issue to the country. And if the defendant should plead, that the court pronouncing the judgment was not a court of record, and that the judgment is not conclusive evidence, that would be no bar to the action; for debt lies on a judgment which is not conclusive evidence. Suffice it, however, to say, that in his case the plea is nil debet, which assumes that the judgment is not conclusive evidence; and the plaintiff, who contends that it is, had no course left for him but to demur. This he has done; and the law arising on this issue must be tried by the court, not by the jury; for it is an issue of law.
The constitution and act of congress, then, having made the states domestic to each other, in regard to this matter, the court of the state must try this issue in the usual way, by informing itself of the law of the state of Kentucky, as the federal courts must do, should there be any doubt about it. In this case, the judgment sued on was affirmed on an appeal to the supreme court of that state; and I presume we can safely say, as the federal court said in a similar case, that such judgment must be conclusive on the parties in that state. I am, therefore, of opinion, that the plea of nil debet was bad, and that the demurrer to it ought to have been sustained. The judgment of the circuit court should be reversed, and judgment entered for the appellant.